UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMESHEO CANNON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | No. 1:08CV148 HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motions under 28 U.S.C. § 2255 by a Person in Federal Custody to Vacate, Set Aside or Correct Sentence, [Doc. No.'s 1 and 2]. The government has responded to the motions. For the reasons set forth below, the motions are denied, without a hearing.

## Procedural Background

Movant was indicted on a two count indictment by a grand jury on November 21, 2002. Count I charged Movant with conspiring to commit murder for hire. Count II charged Movant with committing murder for hire. Both Counts alleged violations of 18 U.S.C. § 1958.

On February 28, 2005, jury selection in Movant's trial began. A jury was selected thereafter and on March 7, 2005, Movant's trial began. The jury returned its guilty verdict on Count I and not guilty verdict on Count II.

The penalty phase of Movant's trial began on March 14, 2005. On March 17, 2005, the jury recommended a sentence of life imprisonment without parole. The Court sentenced Movant accordingly on June 30, 2005.

Movant appealed his conviction. On January 31, 2007, the Eighth Circuit Court of Appeals affirmed the conviction. Movant appealed to the U.S. Supreme Court for a writ of certiorari. The Supreme Court denied the writ on October 1, 2007.

**Standards for Relief Under 28 U.S.C. § 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

Claims brought under § 2255 may also be limited by procedural default. A

Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate either cause for the default and actual prejudice, or actual innocence." *Id*; *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)); *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir.2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley* 523 U.S. at 622).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." See *Becht v. United States*, 403 F.3d 541, 545 (8th Cir.2005). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *Frady*, 456 U.S. at 170, and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury

would have acquitted him of the charged offense).

## Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 2009 WL 764167 *7 (8th Cir. March 25, 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

> In order to prevail on an ineffective assistance of counsel claim, [movant] must show that (1) [his] "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence"; and (2) "the deficient performance prejudiced his defense." *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995) (citation omitted). Under the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (citing *Strickland v.*

> *Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674
> (1984)). Assuming that counsel's performance has been deficient, the
> second element of prejudice requires a "reasonable probability that, but
> for a counsel's unprofessional errors, the result of the proceeding
> would have been different." *Garrett*, 78 F.3d at 1301 (citations omitted).

*Toledo v. U.S.* 2009 WL 2901923, 1 (8th Cir. 2009).

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

Where a defendant raises multiple claims of ineffective assistance, each claim of ineffective assistance must be examined independently rather than collectively. *Hall v. Luebbers,* 296 F.3d 385, 692-693 (8th Cir.2002); *Griffin v. Delo,* 33 F.3d 895, 903-904 (8th Cir.1994).

**<u>Evidentiary Hearing</u>**

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798

F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Discussion

Movant raises nine claims in his Motion.

**Ground One**: Movant claims that appellate lawyers were ineffective for failing to raise on appeal that the Court erred "in denying the motion to quash the indictment for failure to satisfy the commerce clause's federal nexus requirement." Movant argues that even taking the indictment as true, it alleges a violent criminal act, but the act failed to advance any economic ends and its effect upon interstate commerce was merely incidental. He further argues that the connection of the crime charged was only nominal. Movant's argument is without merit. Section 1958(b)(2) clearly includes transportation and communication as facilities of interstate commerce. The actions alleged in the indictment fall clearly within the provisions of Section 1958. The indictment contains extensive detail of Movant's actions using the "facilities of interstate commerce," *i.e.*, using traveling from Memphis to Caruthersville, using the telephone for the purpose of learning whether

the victim had testified against Defendant Tyrese Hyles. While Movant argues that the extent to which the telephone and his travel are nominal and only remotely connected, this is an insufficient basis upon which to dismiss an indictment. The statute under which Movant was convicted clearly establishes that any use of these instrumentalities "with the intent that a murder be committed..." violates the statute. Thus, counsel's failure to raise the issue on appeal was not ineffective. Indeed, counsel argued on appeal that there was insufficient evidence of use to convict Movant

**Ground Two**: Movant claims counsel was ineffective for failing to raise on appeal that the Court erred in finding that the Government's strikes of all potential African-American jurors was not race based. At the time of the selection of the jurors, the Government articulated its reasoning for striking the African-American jurors. The Court considered those reasons and found them race neutral. Significantly, the Government treated similarly situated non-African-American potential jurors in like manner. See *United States v. Elliot*, 89 F.3d 1360 (8th Cir. 1996). The record clearly demonstrates that the African-American jurors were not stricken based on their race, rather, they were stricken for the race neutral reasons articulated by the Government. Because there was no basis for finding that the Government's reasons were not race neutral, there was no basis to raise this issue

on appeal.

Moreover, Movant does not in any way demonstrate that the failure to raise this issue on appeal resulted in any prejudice to him. *Young v. Bowersox*, 161 F.3d 1159, 1160-61 (8th Cir. 1998).

**Ground Three**: Movant claims ineffective assistance of trial counsel in failing to obtain the recorded statement or otherwise securing and preserving the testimony of Shameeka Williams. The Court denied the offer of proof of Williams' testimony because it was merely cumulative of what April Leatherwood and Dyvonne Miller had already testified, *i.e.*, that April Leatherwood had lied in her statement to the police because Sgt. Lockett threatened her and that Leatherwood claimed that Movant was with her all night on the night Coy Smith was killed. Movant argues that even if Williams' testimony was cumulative, it would have added credibility to corroborate the testimony of Leatherwood. This basis for obtaining Williams' statement is without merit. As the Eighth Circuit Court of Appeals noted, Leatherwood's credibility had already been undermined by direct and cross examination and by the testimony of other witnesses. *U.S. v. Cannon*, 475 F.3d 1013, 1022 (8th Cir. 2007). Counsel was therefore not ineffective for failing to obtain Shameeka Williams' testimony before trial.

**Ground Four:** Movant claims counsel was ineffective for failing to

challenge on appeal the existence of a conspiracy to commit murder for hire.

Movant claims that there was insufficient evidence regarding the formation of a conspiracy and that counsel did not raise this issue on appeal. While Movant attempts to characterize this ground as different than that raised by counsel on appeal, broken down, it is the same issue. On appeal, counsel argued that there was insufficient evidence to find that he was a member of the conspiracy to kill Coy Smith. The Eighth Circuit held that the evidence was sufficient to prove Movant joined the conspiracy. This finding negates any attempt by Movant to argue the nonexistence of the conspiracy itself.

> The government had to prove that Cannon, or some other member of the conspiracy, conspired to "travel[ ] in ... interstate or foreign commerce, or use[ ] ... the mail or any facility of interstate or foreign commerce, with intent that a murder be committed ... as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value...." 18 U.S.C. § 1958(a). " '[F]acility of interstate or foreign commerce' includes means of transportation and communication." 18 U.S.C. § 1958(b)(2).

*Cannon,* 475 F.3d at 1021.

Finding that the evidence was sufficient to establish that Movant had *joined* the conspiracy conclusively establishes that the conspiracy indeed existed. Counsel was not ineffective for failing to raise the sufficiency of evidence of the existence of the conspiracy to murder Coy Smith.

**Ground Five** Movant claims counsel was ineffective for failing to demonstrate that the calls made from Movant's home in Memphis to Tonya Hyles' home were unconnected to the murder of Coy Smith. Counsel presented evidence in an attempt to establish that the calls were unrelated. Hendrietta Nichols, Movant's girlfriend at the time, testified that she was living at Tonya Hyles' house and that Movant would frequently call her there. Counsel argued during closing arguments that the calls were unrelated.[1] Movant also argues that Tonya Hyles herself should have been called to testify. Respondent is correct in pointing out that because Tonya Hyles was also involved in, and indeed convicted of, the conspiracy to commit murder, she could not be forced to testify on behalf of Movant for fear of self-incrimination. Movant's unrealistic belief that Tonya Hyles would have foregone her Fifth Amendment rights is naive to say the very least.

**Ground Six:** Movant claims counsel was ineffective for failing to obtain additional, available evidence to demonstrate that no conspiracy to commit murder for hire existed or that no interstate nexus for any such conspiracy existed. In support of this ground, Movant suggests that counsel should have presented

---

[1] While Movant urges that because closing arguments are not evidence, counsel's attempts to establish the phone calls were unrelated to the murder of Coy Smith, should not be considered in assessing whether counsel was ineffective in "failing to prove" the calls were unrelated to the murder. This basis for challenging counsel's performance is without merit. Counsel took every opportunity given during the trial to attempt to convince the jury that the calls were not related to the conspiracy to murdery Coy Smith.

available evidence that he had children and family in Missouri, was on parole in Missouri, and therefore had a legitimate reason for being in Missouri. While movant argues that this claim is meritorious, he fails to present to the Court any "available" evidence which would establish that the conspiracy did not exist. The mere fact that Movant was from Missouri and had family in Missouri fails to negate evidence of the existence of the conspiracy and the interstate nexus for the conspiracy.

**Ground Seven:** Movant claims that trial counsel was ineffective in failing to obtain additional, available evidence to demonstrate that he was not connected to any conspiracy to commit murder for hire. Movant claims that had counsel called Tyrese and/or Tonya Hyles to testify, they would have exculpated him from involvement in the conspiracy. Both Tonya and Tyrese Hyles were convicted as members of the conspiracy. The expectation that either of these individuals would have testified on behalf of Movant is completely unrealistic and clearly no basis upon which to base a finding of ineffective assistance of counsel.

**Ground Eight:** Movant claims counsel was ineffective for failing to request a downward departure from the statutory mandatory minimum sentence of life in prison. Counsel could not have complied with Movant's desire for a "downward departure" because the sentence is mandatory, *i.e.*, there can be no lower sentence

for the violation of 18 U.S.C. § 1958(a). Counsel cannot be held to be ineffective for failing to seek something that was not possible under the provisions of the statute.

**Ground Nine:** Movant challenges counsel's effectiveness because counsel did not argue that the application of the statutory life sentence constitutes cruel and unusual punishment. As Respondent aptly argues, ""[g]iven that the death penalty is not cruel and unusual punishment, then *afortiari* a life sentence for the same crime is not." Ground Nine is meritless and will therefore be denied.

## Conclusion

Based upon the foregoing analysis, the grounds presented by Movant fail to establish that Movant is entitled to relief.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that

Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motions to Vacate, Set aside or Correct Sentence, [Doc. No.'s 1 and 2], are **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

Dated this 20th day of April, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE