UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMESHEO CANNON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs | ) No. 1:08CV148 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Movant's Motion for Relief from Judgment and Order Under Rule 60(b)(6 [Doc. No.35]. The government has responded to the motion. For the reasons set forth below, the motion is dismissed.

**Procedural Background**

Movant was indicted on a two count indictment by a grand jury on November 21, 2002. Count I charged Movant with conspiring to commit murder for hire. Count II charged Movant with committing murder for hire. Both Counts alleged violations of 18 U.S.C. § 1958.

On February 28, 2005, jury selection in Movant's trial began. A jury was selected thereafter and on March 7, 2005, Movant's trial began. The jury returned its guilty verdict on Count I and not guilty verdict on Count II.

The penalty phase of Movant's trial began on March 14, 2005. On March 17,

2005, the jury recommended a sentence of life imprisonment without parole. This Court sentenced Movant accordingly on June 30, 2005.

Movant appealed his conviction. On January 31, 2007, the Eighth Circuit Court of Appeals affirmed the conviction *United States v. Cannon*, 475 F.3d 1013 (8th Cir. 2007). Movant appealed to the U.S. Supreme Court for a writ of certiorari. The Supreme Court denied the writ on October 1, 2007. *Cannon v. United States*, 552 U.S. 885 (2007).

Petitioner timely moved to vacate his sentence under Title 28, United States Code, Section 2255. *Amesheo Cannonv. United States*, 1:08CV148 HEA. He asserted various claims of ineffective assistance of counsel. Thereafter, on April 20, 2010, this Court issued its order and judgment denying each of Petitioner's ineffective assistance of counsel claims in his Section 2255 Motion. This Court also found that because Petitioner had not "made a substantial showing of the denial of a constitutional right," the Court declined to issue a certificate of appealability.

On October 27, 2017, Petitioner filed an application for leave to file a motion for successive habeas relief under Section 2255. *Cannon v. United States*, No. 17-3337. In his motion, he alleged that his offense of conviction under Title 18, United States Code, Section 1958, is "overbroad" and "divisible," and sets forth many "elements," and that because he was found guilty of conspiracy only, that his

˘ 2 ˘

sentence should have been limited to 20 years. Petitioner relied upon the Supreme Court's decisions in *Mathis v. United States*, 136 S.Ct. 2243 (2016), and *Descamps v. United States*, 133 S.Ct. 2276 (2013). On March 28, 2018 The Eighth Circuit found that Petitioner failed to allege the existence of newly discovered evidence and/or a new rule of constitutional law as required under Title 28, United States Code, Section 2255(h) and denied the application.

## **Discussion**

Federal Rule of Civil Procedure 60(b) provides:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no

longer equitable; or

    (6) any other reason that justifies relief. Fed.R.Crim.P. 60(b). Rule 60(b) applies in habeas proceedings "only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." *Barnett v. Roper*, 904 F.3d 623 (8thCir. 2018)(quoting *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2009)).

    Petitioner alleges "actual innocence," claiming again that the statute under which he was convicted is "overbroad" and "divisible" under *Mathis* and now "vague" under *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018).*Id*. Petitioner further asserts that because he was acquitted on Count Two, he should have been sentenced to 20 years instead of life imprisonment.

    Generally speaking, a petitioner is limited to one motion under Section 2255 and may not bring a "second or successive motion" unless it meets the strict requirements of Section2255(h). *United Statesv. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). Section 2255(h) is clear and unequivocal that a second or successive motion cannot be considered by a district court unless it has first been certified by a circuit court of appeals to contain either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have

found the movant guilty of the offense," or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h).

The issue for the district court in a Rule 60(b) proceeding such as this is to determine whether the petitioner's Rule 60(b) motion is a "true" Rule 60(b) motion, or whether it is a disguised Section 2255 motion requiring dismissal for failure to seek prior approval from the circuit court. *United States v Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). It is the substance within the pleading, not the pleading's title, which determines whether the pleading is a Section 2255 motion. *United States v. Nelson*, 465 F.3d 1145 (10th Cir. 2006). *See also United States v. Baker,* 718 F.3d 1204, 1208 (10th Cir. 2013) (even though a claimant invokes Rule 60(b), the court must examine the relief sought rather than the title or form "to determine whether it [was] a second-or-successive collateral attack on [the] conviction.").

Under *Gonzalez,* the Supreme Court noted that the proper treatment of a Rule 60(b) motion depends on the nature of the claims presented. A Rule 60(b) motion should be treated as a successive application if it directly attacks the prisoner's conviction or sentence. *Gonzalez*, 545 U.S. at 532; *see also Barnett*, 904 F.3d at 632. Conversely, it is a "true" Rule 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the

habeas application; or (2) challenges the integrity of the original federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition. *Gonzalez*, 545 U.S.

The model in the Eighth Circuit for handling motions filed under Rule 60(b) by petitioner who has previously been denied habeas corpus relief is unassailably clear:

> [W]e encourage district courts, in dealing with purported Rule 60(b) motions following the dismissal of habeas petitions, to employ a procedure whereby the district court files the purported Rule 60(b) motion and then conducts a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. §2255 or §2254. If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals. Depending on which course of action the district court chooses, the petitioner may either appeal the dismissal of the purported Rule 60(b) motion or, if the district court has elected to transfer the purported 60(b) motion to the Court of Appeals, await the action of the Court of Appeals.

*Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). Where the defendant attacks the integrity of the habeas proceeding, the Rule 60(b)(4) motion may be reviewed by the district court. *Gonzalez*, 545 U.S. at 525; *Spitznas*, 464 F.3d at 1217 ("If the district court concludes that the motion is a true Rule 60(b) motion, it should rule on it as it would any other Rule 60(b) motion).

An eyes wide-open review and examination of the claims of Petitioner demonstrates that his efforts are focused upon vacating his conviction and sentence rather than correcting some irregularity in his earlier proceedings under Section 2255. These claims have been previously rejected by the Eighth Circuit Court of Appeals in his petition for authorization to file a successive habeas action. This is not a Rule 60(b) motion, but rather an attempt at a successive collateral attack under Section 2255.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

## Conclusion

Based upon the foregoing analysis, Petitioner has failed to establish that

Petitioner is entitled to relief.

Accordingly,

**IT IS HEREBY ORDERED** that the Motions for Relief from Judgment and Order Under Rule 60(b)(6), [Doc. No. 35], is **DISMISSED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability asPetitioner has not made a substantial showing of the denial of a federal constitutional right.

Dated this 19th day of April, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE